**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Chris Kembe, | ) Civil Action No.: 2:13-cv-03272-JMC |
|                 Plaintiff, | ) |
| vs. | ) **ORDER** |
| Marcia Fuller, *SCDC Dietician*; John and Jane Does, *Kershaw Cafeteria Supervisors*; Michael L. Fair, *Legislative Audit Council, et al.*; Boyd H. Parr, *Director of Poultry Products and Inspection*, *in their individual or personal capacities*, | ) |
|                 Defendants. | ) |

Plaintiff, Chris Kembe ("Plaintiff'), while a prisoner in the Kershaw Correctional Institution ("KCI") of the South Carolina Department of Corrections ("SCDC") in Kershaw, South Carolina, submitted this Complaint [ECF No. 2], on August 23, 2013, in the case entitled McFadden, et al., v. Fuller, et al., C/A No. 2:13-2290-JMC-BHH (D.S.C.). The Complaint was signed by Plaintiff and by ninety additional Co-Plaintiffs, all of whom were state prisoners incarcerated at the time at KCI. Plaintiff's claims, filed pursuant to 42 U.S.C. § 1983, allege that the SCDC Defendants failed to provide adequate nutrition and food portions, that Defendant Fair failed to investigate the SCDC despite repeated requests by Co-Plaintiff Bernard McFadden, and that Defendant Parr failed to respond to Co-Plaintiff McFadden's inquiries.

On September 24, 2013, United States Magistrate Judge Bruce Howe Hendricks, to whom the case was referred for initial review, issued a Report and Recommendation ("R&R," C/A No. 13-2290, ECF No. 10), recommending that Plaintiff and his eighty-nine

Co-Plaintiffs be dismissed without prejudice from the case, and that Lead Plaintiff McFadden remain the sole Plaintiff in the original case. Plaintiff was notified of his right to file specific written objections to the R&R within fourteen days of receiving it, however, Plaintiff filed no objections to the R&R. On November 22, 2013, the undersigned issued an Order [ECF No. 1], accepting in part and rejecting in part Magistrate Judge Hendricks' R&R, and severing the original case into ninety-one separate actions, individualized for each Plaintiff. The Order directed the Clerk of Court to assign separate, individual civil action numbers to each of the Co-Plaintiffs' cases and to terminate the Co-Plaintiffs from C/A No. 13-2290. The Order directed that the Defendants in the new individual cases would be the same Defendants as in the original case. The Order authorized the Clerk of Court to re-file the original Complaint in each new case, to process each new case as an individual prisoner civil rights case, and to ensure that the initial document entries on the docket in the individual cases would be the Court's Order of November 22, 2013 and the Complaint. Finally, the Order directed that the individual cases proceed to initial review by Magistrate Judge Hendricks, as required by the Local Rules of the District Court for the District of South Carolina.

By Order dated December 3, 2013 [ECF No. 6], Magistrate Judge Hendricks ordered Plaintiff to bring this case into proper form by: (1) either paying the $350 filing fee or submitting an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a Financial Certificate, and (2) submitting proposed service documents for Defendants. Pursuant to General Order In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), Plaintiff was given twenty-one (21) days from the date the Order was entered, plus three (3) days for

mail time to comply with the Order.  The Proper Form Order was mailed to Plaintiff at his address of record, i.e. Chris Kembe # 24738, KCI, 4848 Gold Mine Highway, Kershaw, SC 29067.  See ECF No. 7.  The Proper Form Order warned that Plaintiff's failure to provide the necessary information and documents within the timetable set forth in the Order would subject this case to dismissal.  See Order, ECF No. 6, p. 1, 3.

On December 17, 2013, the mail in which the Proper Form Order was sent to Plaintiff was returned to this Court as undeliverable.  The envelope was marked "return to sender, attempted - not known, unable to forward."  See ECF No. 8.  Upon further inquiry, the Clerk of Court determined that Plaintiff was no longer in SCDC custody, according to SCDC's Incarcerated Inmate Search Website, and no forwarding address was available for Plaintiff.

Because Plaintiff has failed to provide the Court with the necessary documents to bring this case into proper form and his time to do so expired on December 30, 2013, and because Plaintiff has not provided the Court with a forwarding address, it is ordered that this case be **DISMISSED without prejudice** pursuant to Rule 41 of the Federal Rules of Civil Procedure.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629-36 (1962).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 21, 2014
Greenville, South Carolina

3

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.